IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN E. MILLER,

    *Plaintiff,*

v.

DANA METZGER, et al.,

    *Defendants.*

No. 19-cv-01794-SB

John E. Miller, Smyrna, Delaware.

*Pro Se Plaintiff.*

Andrew Robert Fletcher, Rebecca Song, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

*Counsel for Defendants.*

**MEMORANDUM OPINION**

March 7, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Finality is important. Litigants must be able to rely on judicial rulings. So when a party asks us to reconsider, he must meet a high bar.

John Miller asks me to reconsider my opinion dismissing with prejudice his constitutional claims against prison officials. Plus, he asks that I amend it and find facts. Because he fails to meet his burden, I deny his motions.

### I. MOTION TO RECONSIDER

I may reconsider my earlier decision only if Miller shows:

- a change in the law;
- new evidence; or
- the need to correct an error of law or prevent injustice.

*Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); Fed. R. Civ. P. 59(e). He does not, so I will not reconsider.

*1. Retaliation.* Miller alleged that officers retaliated against him because he had served as an informant. D.I. 41, at 4. But I dismissed those claims for two reasons: First, the Constitution does not protect his informant activities. Mem. Op. 4–5. Second, he never said that those activities caused the alleged retaliation. *Id.*

Miller disagrees, citing facts that he added in his briefs opposing dismissal. Those facts suggest that he had been helping investigate the very officer who punished him. *See, e.g.*, D.I. 47 at 4. But I may look only at the facts in his complaint. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). And his *complaint* never linked his informant activities with the alleged retaliation.

If that had been the only flaw in Miller's claim, I might have overlooked it. After all, Miller is litigating this case pro se. And I hold pro se plaintiffs to "less stringent standards" than litigants with lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). But there was another fatal flaw: Miller's conduct is not protected by the Constitution. So his claim would still have failed.

*2. Prescreening.* Miller's second argument fails too. He notes that his suit was governed by the Prison Litigation Reform Act. Under the Act, he points out, a District Court screened his first complaint and ruled that it had "what appear to be cognizable and non-frivolous … claims." D.I. 10, at 1 (citing 28 U.S.C. § 1915A). That finding, he argues, barred me from later dismissing the same complaint. Not so. I may dismiss a complaint even if it cleared prescreening. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.11 (3d Cir. 2002).

*3. Due Process.* I dismissed Miller's due-process claim because he had failed to allege a protected liberty interest. Mem. Op. 5. He pointed to his punishment (brief isolation and assignment to the Security Housing Unit) and alleged corruption in the disciplinary proceedings. D.I. 41, at 4–6. But that was not enough because he failed to allege that his punishment "impose[d] [an] atypical and significant hardship" on him. *Sandin v. Conner,* 515 U.S. 472, 484 (1995); *see also Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 170–71 (3d Cir. 2011) (punishments resulting from "prison disciplinary hearings … do not usually affect a protected liberty interest.").

Miller retorts that his hardship was abnormal because it was doled out for his cooperation in an investigation. Mot. Rec., D.I. 54, at 4. But that does not make the

3

"duration [and conditions] of [his] disciplinary confinement" atypical. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003). Nor does he plausibly allege that he was punished for exercising a constitutional right. *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002).

Finally, he says, the disciplinary process itself was corrupt: "there was no evidence against [him]" and the adjudicators "were ordered to find [him] guilty." Mot. Rec., D.I. 54, at 4. But if Miller "had no protected liberty interest in remaining free of disciplinary custody, then the state owed him no process before [punishing him]." *Mitchell*, 318 F.3d at 531.

## II. MOTION TO AMEND

My last opinion described Miller as "a 'producing, cooperating informant,' apparently during an inmate uprising at the prison." Mem. Op. at 2 (quoting D.I. 41 at 2). Miller insists that this case is not about "the past uprising," but rather about "a new uprising." D.I. 64 at 1; Mot. Rec., D.I. 54, at 5. So he asks me to "remove the wording [that] the case is connected to the [earlier] uprising." Mot. Rec., D.I. 54, at 5.

I will decline his invitation. True, it appears that I may have misunderstood that part of Miller's submissions to the court. But to clarify, I did not *find* or *decide* whether there was an uprising. Rather, I *explained* his allegations as I understood them from his motions and briefs. Besides, none of my holdings hinged on that background fact. Had I understood what Miller meant to say, I still would have reached the same result. So I deny his motion to amend.

4

### III. MOTION TO MAKE FACTUAL FINDINGS

Last, Miller requests that I rule "on whether there was evidence of [g]uilt under the circumstances." *Id.* at 1. But when assessing a defendant's motion to dismiss, I do not make factual findings. Instead, I "accept all factual allegations in a complaint as true." *Brodzki v. Fox Broad. Co.*, 868 F. Supp. 2d 386, 388 (D. Del. 2012). If Miller's claims had proceeded to trial, he could have secured such a ruling. But they did not, so he is not entitled to one now.

\* \* \* \* \*

Because Miller does not show clear legal error, I will not reconsider my opinion dismissing his claims. Nor will I amend that opinion or make factual findings.